## HOWELL v. ADAMS.

No. 21046.   Opinion Filed July 19, 1932.

Wellington L. Merwine, for plaintiff in error.

W. A. Barnett, for defendant in error.

RILEY, J.   Oscar A. Williams died on July 18, 1929, a resident of Okmulgee county. At his death he owned real estate located in Okmulgee county, personal property of considerable value, and some oil property or interest in oil royalties in Oklahoma and Texas. He left a will, undated, but indicating that it was written, in part, at least, on November 6, 1928. The will was partly in the handwriting of deceased and partly typewritten. It was not witnessed, and it is conceded by both parties in this appeal that the will was not entitled to probate.

On July 26, 1929, Priscilla Howell, a sister, filed a petition for probate of the will, and prayed that in case the will be admitted to probate, she be appointed administratrix with will annexed, and in case the will be not admitted to probate, that she be appointed as administratrix.

Thereafter Cora Williams, nee Adams, filed in said cause an objection to the appointment of Priscilla Howell and petitioned for appointment of herself and Dr. A. L. Wallace of Oklahoma county as joint administrators. Therein she alleged that she was the surviving widow of Oscar A. Williams, and was the first person entitled under the law to be appointed.

The matter was tried in the county court, resulting in a finding that "as a matter of fact and a matter of law" no marital relations existed between Cora Williams, nee Adams, and Oscar A. Williams, the deceased, at the time of his death. An order denying the petition of Cora Williams, nee Adams, was entered accordingly, and she appealed to the district court. There the cause was tried anew, resulting in a finding that "the petitioner, Cora Williams, nee Adams, is the surviving widow of Oscar A. Williams, deceased, and as such surviving widow is entitled to administer upon the estate of said deceased."

An order was entered accordingly, reversing the county court and appointing Cora Williams, nee Adams, as administratrix, and remanding the cause to the county court, with directions to enforce the judgment of the district court. From this judgment and order, Priscilla Howell, the sister of deceased, prosecutes this appeal.

The single question presented is whether there is competent evidence sufficient to

support the finding and order of the district court.

Defendant in error does not contend that she was ever married to decedent by ceremonial marriage, but claims to have been the common-law wife of said decedent from about November 13, 1928, to the date of his death.

It is first contended that the trial court committed error in permitting defendant in error to testify as to the oral agreement to marry, or marriage "vow" between herself and decedent, in that she was incompetent as a witness to testify to such transaction under the provision of section 588, C. O. S. 1921 [O. S. 1931, sec. 271].

The court at first overruled objection to her testimony, but subsequently, upon motion of plaintiff in error, struck her entire testimony on that point from the record and announced in no uncertain language that he would give such evidence no consideration. It is suggested, however, that from certain remarks made by the court in summing up the evidence before announcing his decision, he must have considered said evidence. But if we are to consider these remarks, which were not incorporated in the journal entry, other remarks made in the same way indicate that the court did not consider the evidence of the defendant in error, for he stated in unmistakable language that he agreed with counsel on the matter of her qualification as a witness as to transactions had between herself and decedent, when he said: "Her lips as to any transaction had between them are absolutely sealed." His statement, as a whole, shows that he based his findings entirely upon the testimony of other witnesses. We mention these matters only because counsel for plaintiff in error states in his brief that the trial court asked the court reporter to take down his opinion and make the same a part of the trial record. However, we do not find this request in the record. The contention of plaintiff that the finding was based in part on the testimony of an incompetent witness cannot be sustained.

It must be borne in mind that this proceeding goes only to the question of which of the two applicants is entitled to be appointed as administratrix.

In substance, the record shows that Oscar A. Williams, a colored physician, came to Oklahoma from Arkansas about 25 years ago, and set up an office in Okmulgee. Some years ago his wife procured a divorce from him, and thereafter, until about eight months before his death, he made his home at his office, taking his meals out. About October or November, 1928, he went to the home of defendant in error and apparently made his home there until his death, although in the spring of 1929, he again stayed at his office a considerable portion of the time. He did not discuss his private or personal affairs with his friends. On November 6, 1928, he prepared the will which was never executed. In that he stated: "I have no children at all and no wife now—Nov. 6, 1928. I have two sisters. * * *" In the will he expressed the desire that Cora Adams should be well paid for whatever service she might render at any time during last illness. Defendant in error claims that from and after November 13, 1928, she was his wife. Her claim is that a common-law marriage was consummated on that date. One Dr. Wallace, a close friend, visited him at his office during his last sickness, and about two or three days before his death, and advised him to go to the hospital. He refused and stated he wanted to go home. He was taken to the home of defendant in error, where he died. One of his last acts was to call for the will, stating that he wanted to change it in "Cora's favor." A number of witnesses, both colored and white, testified to having seen him in the home of Cora acting and conducting himself as though he were her husband, and he stated to a number of these witnesses that she was his wife, and such other expressions as "she has made me a good wife," "She has been a good nurse and a fine wife," etc. Dr. Rembert, a white physician, was called to examine and treat him. It was Dr. Rembert's practice to keep a record concerning his patients. On that record he entered "Cora Williams" as the wife of the patient. He testified, however, that Dr. Williams did not expressly state to him that she was, but that he took it from the answers he made to other questions, etc., that she was his wife. On numerous occasions and to different witnesses decedent stated that Cora was his wife. Other witnesses, long-time friends and acquaintances of decedent, testified that they saw and talked with Dr. Williams often, and that they never heard him say anything to indicate that he was married to Cora, and never heard that they were husband and wife. Many facts and circumstances are shown indicating that Dr. Williams and defendant in error were husband and wife. On the other hand, many close acquaintances, who it appears would probably have heard

of it, testified that they knew nothing about the marriage and never heard of it until after Dr. Williams' death.

Many cases are cited by both sides, but, as we view the record in this case, it is squarely within the rule announced in Coleman v. James, 67 Okla. 112, 169 P. 1064:

"At common law, marriage being a civil contract founded on the consent of the parties, no legal forms or religious solemnities are required and no special mode of proof, and in the absence of civil requirements a marriage might result without formalities, or at least other than those required of the parties as evidence of their assent to the marriage contract."

And:

"Such marriage may be proved by circumstantial evidence, and since the presumption is in favor of marriage and against concubinage, the fact that a man and woman have openly cohabited as husband and wife for a considerable length of time, holding each other out and recognizing and treating each other as such by declarations, admissions, or conduct, and are accordingly generally reputed to be such among their relatives and acquaintances and those who come in contact with them, may give rise to a presumption that they have previously entered into an actual marriage, although there be no direct testimony to that effect."

We are therefore of the opinion, and hold, that there is sufficient evidence in the record to justify and support the finding and judgment of the district court that, for the purpose of appointment of an administratrix, defendant in error was and is the surviving widow of the decedent.

We do not wish, however, to be understood as holding that this finding and judgment is conclusive and binding upon the court in the final determination of this question upon the decree of distribution, where the parties and the evidence may not be the same.

The judgment and order of the district court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent.